UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:13-CR-18 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| LEON BENZER, et al., | |
| Defendant(s). | |

Presently before the court is defendant Salvatore Ruvolo's (hereinafter "defendant") motion for bail pending appeal. (Doc. # 655). The government filed a response. (Doc. # 680). Defendant did not file a reply, and the deadline to reply has now passed.

**I.   Background**

The facts of the instant case are familiar to the court and the parties. On February 25, 2015, defendant proceeded to trial on charges of conspiracy, wire fraud, and mail fraud. On March 17, 2015, the jury found him guilty of the conspiracy and wire fraud counts against him. (Doc. # 537).

On June 17, 2015, defendant was sentenced to 24 months per count to run concurrently, followed by three years of supervised release per count to run concurrently. (Doc. # 667). On July 2, 2015, defendant filed a notice of appeal. (Doc. # 691).

**II.   Legal Standard**

A person who has been found guilty of an offense and sentenced to a term of imprisonment should be detained pending appeal, unless the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . . ; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence

**James C. Mahan**
**U.S. District Judge**

to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

A defendant has the burden of proving that a substantial question exists. *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). A substantial question is one that is "fairly debatable" or "fairly doubtful." *Id.*

The defendant "need not, under *Handy*, present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions." *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 (9th Cir. 2003).

### III. Discussion

The parties agree that defendant is not a flight risk or a danger to the community. Accordingly, the remaining question before the court is whether the appeal raises a substantial question of law or fact such that reversal is likely. 18 U.S.C. § 3143(b)(1)(B).

While defendant argues that substantial questions exist, he fails to specify or provide any detail as to the issues that he contends warrant reversal. Defendant does not state what his arguments will be on appeal or suggest the basis for them. (Doc. # 655). Defendant's motion therefore fails to show that bail pending appeal is appropriate. *See United States v. Montoya*, 908 F.2d 450 (9th Cir. 1990) (denying motion for bail pending appeal where defendant summarily referenced appeal issues without explaining basis for arguments).

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for bail pending appeal, (doc. # 655), be, and the same hereby is, DENIED.

DATED July 14, 2015.


UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**