UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff(s),<br><br>     v.<br><br>LEON BENZER, et al.,<br><br>                              Defendant(s). | Case No. 2:13-CR-18 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Salvatore Ruvolo's ("defendant") motion to reconsider bail pending appeal. (Doc. #714). The government filed a response, (doc. #734); defendant did not file a reply.

**I.     Background**

The facts of the instant case are familiar to the court and the parties. On January 15, 2013, the grand jury returned an indictment charging defendant with one count of conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 1349, two counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of mail fraud in violation of 18 U.S.C. § 1341. (Doc #1). A jury convicted defendant on all counts, and defendant was sentenced to twenty-four months imprisonment per count to run concurrently and three years of supervised release. Thereafter, defendant filed a notice of appeal. (Doc. #691). Defendant had previously filed a motion for bail pending appeal (doc. #655), which was denied by this court. (Doc. #703).

**II.    Legal Standard**

   a.  *Motion to reconsider*

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**James C. Mahan**
**U.S. District Judge**

Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003); Fed. R. Civ. P. 60(b).  A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters*, 229 F.3d at 890; *see also United States v. Ward*, Case No. 2:14-cr-00306-LDG-NJK, 2015 U.S. Dist. LEXIS 47103, 10-11 (D. Nev. 2015) (Koppe, M.J.) (applying these civil reconsideration standards to a criminal case).

        b.   Bail pending appeal

A person who has been found guilty of an offense and sentenced to a term of imprisonment should be detained pending appeal, unless the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . . ; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

A defendant has the burden of proving that a substantial question exists.  *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985).  A substantial question is one that is "fairly debatable" or "fairly doubtful." *Id.*

The defendant "need not, under *Handy*, present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions." *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 (9th Cir. 2003).

. . .

. . .

### III. Discussion

#### a. *Motion to reconsider*

Without presenting any evidence or argument that might even begin to address the *Dixon* standard, defendant baldly asserts that this court should vacate its earlier order denying bail pending appeal simply because it is within the court's discretion to do so. Defendant presents no newly discovered evidence. Defendant fails to demonstrate how the court committed clear error or was manifestly unjust by denying the motion. Finally, defendant provides no evidence to suggest that there has been any change in controlling case law that would support his motion.

Defendant's motion merely raises arguments that should have been made in his original motion for bail pending appeal. Indeed, the Ninth Circuit has held that a motion for reconsideration may not be used as a vehicle by which a losing party raises arguments for the first time when they should have reasonably been raised earlier in litigation. *Kona Enters*, 229 F.3d at 890. Yet that is precisely what defendant attempts to do here. Defendant's motion to reconsider bail pending appeal is therefore denied.

#### b. *Additional Detail*

Even if defendant had properly raised his concerns during his first motion for bail pending appeal, his arguments are unconvincing. While this motion provides somewhat more detail concerning the purported questions of law or fact on appeal, none of the evidence presented is likely to result in reversal, a new trial, or any sentence reduction that would justify bail pending resolution of these questions.

##### i. *Flight Risk*

The parties agreed during defendant's first motion for bail pending appeal that defendant is not a significant flight risk or a danger to the community. (Docs # 655, 681). Accordingly, the remaining question before the court is whether the appeal raises a substantial question of law or fact such that reversal is likely. 18 U.S.C. § 3143(b)(1)(B).

. . .

. . .

. . .

> ii. *Substantial question of law*
>
> 1. Defendant's Medical Record

Defendant first claims that "[t]hroughout the trial, the Court entered an Order granting the Motion *in limine*" to preclude defendant's medical records.[1] Defendant claims that he "sought to introduce evidence of his mental and physical health because his health at the time the crimes were committed is a probative element of the crime."

This is false. The court never excluded defendant's medical records during trial because defendant did not introduce this evidence at trial. In fact, the court memorialized that exact point in a minute order entered immediately after trial, denying the government's motion *in limine* on the basis that it was then moot. (Doc. #536 ("MINUTE ORDER IN CHAMBERS of the Honorable Judge James C. Mahan, as to Salvatore Ruvolo on 3/17/2015. Presently before the court is the government's motion *in limine* to exclude evidence of defendant Salvatore Ruvolo's physical condition. (Doc. #494). *Defendant did not attempt to introduce this evidence at trial*. The motion is therefore denied as moot." (emphasis added))). The strategic decision by defense counsel not to introduce these medical records does not justify bail pending appeal.

Furthermore, the motion moved to exclude medical records only of defendant's physical health during the conspiracy and then both physical and mental health after the conspiracy ended. The government even conceded in its motion that medical records related to defendant's mental health at the time of the conspiracy could have been relevant to his intent. (Doc. #494 ("Evidence of Defendant Ruvolo's mental medical condition at the time of the charged offenses—from 2003 to 2008—may be relevant to his ability to form the requisite intent for these crimes.")).

Even if this court granted the government's motion *in limine*, which it did not, and even if that motion *in limine* excluded all of defendant's physical and mental health records during and after the conspiracy, which, again, it did not, "*in limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject

---

[1] Despite this court's considerable powers, even it is constrained by the time-space continuum and cannot perform a single, discrete act, such as granting an individual motion, continuously throughout a trial. Even if it could, the defendant's claim would still be wildly off base.

to change, especially if the evidence unfolds in an unanticipated manner). Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). If this court had granted a hypothetical motion *in limine* to exclude all of defendant's health records, defense counsel was still free to raise the issue at trial and discuss its probative value with the court then. That was particularly true during this trial, as this court *did not grant* any version of a motion *in limine* limiting admission of defendant's medical records.

Defendant did not call a medical records custodian as a witness, nor did he notice an expert pursuant to Fed. R. Crim. P. 16 to discuss defendant's medical condition at the time of the offense. To put it simply, defense counsel's apparent inability to comprehend this case's procedural history does not rise to the level of a substantial question.

In an attempt to bolster the contention that defendant's medical records create a substantial question on appeal, defendant offers evidence that a defense investigator said that one juror told her that, had defendant's medical records regarding his physical or mental condition been introduced at trial, she "quite possibly" might not have been able to find the defendant guilty. (Doc. #714). As the government rightly pointed out, since the juror has no idea what is contained in defendant's health records, her estimation of how she might have voted had she seen the records is highly speculative at best. Such speculation certainly does not rise to the level of a substantial question likely to result in reversal.

2. Sufficiency of the Evidence, Witness Testimony, Cooperation

Defendant argues that there are "significant concerns for sufficiency of the evidence" surrounding his conviction because his counsel "was forced to defend Mr. Ruvolo through a database containing millions of pages of discovery." (Doc. #714). Of course, the government again correctly points out how absurd this argument is. If the government produced millions of pages of discovery, the argument should not be about whether there was sufficient evidence, but whether there was a surplusage of evidence. If defense counsel did not have adequate time to prepare for

James C. Mahan
U.S. District Judge

- 5 -

trial, he should raise a denial of necessary preparation time on appeal.[2] However, he failed to make that argument in the original motion for bail pending appeal and fail once again to do so here.

Defendant then attempts to discredit his conviction by claiming that the government presented "witness after witness, all of which had been charged in the conspiracy and were simply trying to obtain the best possible sentences for themselves . . . ." (Doc. #714). Not all of the witnesses at trial were cooperators, and those that were disclosed that fact in open court on direct examination. More importantly, the credibility of all witnesses is left for the jury to decide, and cannot form the basis of a substantial question of law or fact likely to be reversed on appeal.

In determining whether there is sufficient evidence, the court must view "the evidence in the light most favorable to the prosecution" to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Inzuma*, 638 F.3d 1006, 1013 (9th Cir. 2009) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Whether during a post-trial Rule 29(c) motion or on appeal on a sufficiency-of-the-evidence challenge, courts must respect the exclusive provenance of the trier of fact "to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002); see also *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996) (holding that the appellate court "must respect the exclusive province of the fact finder to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts" in assessing a sufficiency-of-the-evidence claim) (citation omitted).

The jury found, beyond a reasonable doubt, that defendant was a co-conspirator in the Benzer HOA scheme designed to take over Las Vegas HOAs. Any rational trier could have found the essential elements of defendant's crime beyond a reasonable doubt. The jury heard more than enough evidence at trial regarding defendant's participation in the conspiracy. Unsubstantiated

---

[2] Defendant filed a motion to continue (Doc. #463) approximately one month before trial. However, that motion was made on the basis of defendant's health. Counsel made no suggestion that it had inadequate time to prepare for trial because of "millions of pages of discovery." In fact, the court was receptive to such arguments when they were made. When defendant and his co-defendants requested a continuance because they had received a large amount of discovery from the government, the court granted their motion continued the trial from October 13, 2014, until February 23, 2015. (Doc. #346).

James C. Mahan
U.S. District Judge

allegations that the government's witnesses were compromised do not present a substantial question of law or fact.

Finally, defendant alleges that his "signature was forged on numerous documents by coconspirators" and that these forgeries were demonstrated "when a qualified expert in forgery/handwriting testified in Court pointing out the inconsistencies in the signature." (Doc. #714.)

William Leaver, the only handwriting expert to testify at trial, did not offer any opinions on defendant's signatures, forged or otherwise. Furthermore, the jury had notice and was able to consider that some of the signatures may have been forged; Anthony Wilson testified that he forged some of defendant's signatures. The jurors had ample evidence demonstrating defendant's willing participation in the scheme and they convicted him.

While defendant argues that other substantial questions exist, he fails to specify or provide sufficient detail as to the issues that he contends warrant reversal. Defendant claims that he has "many additional grounds that *could* lead to a reversal of his conviction" but that those grounds have yet to be identified. (Doc. 714 (emphasis added)) First, the court would like to remind defendant that the standard for bail pending appeal is "a substantial question of law or fact *likely* to result in . . . reversal." 18 U.S.C. § 3143(b) (emphasis added). Second, defendant has had ample time to come up with these arguments and ample resources to obtain the necessary materials to do so. Defendant's motion therefore fails to show that bail pending appeal is appropriate. *See United States v. Montoya*, 908 F.2d 450 (9th Cir. 1990) (denying motion for bail pending appeal where defendant summarily referenced appeal issues without explaining basis for arguments).

IV.     **Conclusion**

For the foregoing reasons, defendant has failed to meet his burden of persuasion. As already stated, defendant has been provided more than sufficient opportunity to respond and refute the government's arguments. He still fails to do so.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 7 -

1        Accordingly,

2        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to

3   reconsider bail pending appeal, (doc. #714), be, and the same hereby is, DENIED.

4        DATED December 23, 2015.

_____
UNITED STATES DISTRICT JUDGE